## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BROADCAST MUSIC, INC.; HOUSE OF CASH, INC.; ADULT MUSIC; SCREEN GEMS-EMI MUSIC, INC.; KENNY O'DELL MUSIC; SONGS OF UNIVERSAL, INC.; ESCATAWPA SONGS; EMI BLACKWOOD MUSIC INC.; WARNER-TAMERLANE PUBLISHING CORP.; LUCKY THUMB MUSIC; NOAH'S LITTLE BOAT MUSIC; SEA GAYLE MUSIC LLC d/b/a NEW SONGS OF SEA GAYLE; ELDEROTTO MUSIC PUBLISHING; BIG GASSED HITTIES; SPIRIT MUSIC GROUP INC. d/b/a SPIRIT OF NASHVILLE ONE, | CIVIL ACTION NO.: 16-cv-306 |
| Plaintiffs, | |
| v. | |
| JARREAU INVESTMENTS, LLC d/b/a LAGUNA BEACH DAIQUIRIS; and TONY JARREAU, individually, | |
| Defendants. | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Adult Music is a partnership owned by Ken Adamany, Rick Nielsen, Brad Carlson, Robin Zander and Tom Peterson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Kenny O'Dell Music is a sole proprietorship owned by Kenneth Gist also known as Kenny O'Dell. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter. This Plaintiff is the copyright owner of at least one

of the songs in this matter.

10.     Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.     Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.     Plaintiff Warner-Tamerlane Publishing Corp. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

13.     Plaintiff Lucky Thumb Music is a sole proprietorship owned by Cory J. Gierman. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14.     Plaintiff Noah's Little Boat Music is a sole proprietorship owned by Lee Thomas Miller.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

15.     Plaintiff Sea Gayle Music LLC is a limited liability company doing business as New Songs of Sea Gayle.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

16.     Plaintiff Elderotto Music Publishing is a sole proprietorship owned by James Allen Otto.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

17.     Plaintiff Big Gassed Hitties is a sole proprietorship owned by Jamey Van Johnson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18.     Plaintiff Spirit Music Group Inc. is a corporation doing business as Spirit of Nashville One.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

19.     Defendant Jarreau Investments, LLC is a limited liability company organized and existing under the laws of the State of Louisiana, which operates, maintains and controls an

establishment known as Laguna Beach Daiquiris, located at 8028 Florida Boulevard, Denham Springs, Louisiana 70726, in this district (the "Establishment").

20. In connection with the operation of the Establishment, Defendant Jarreau Investments, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

21. Defendant Jarreau Investments, LLC has a direct financial interest in the Establishment.

22. Defendant Tony Jarreau is a member of Defendant Jarreau Investments, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

23. Defendant Tony Jarreau has the right and ability to supervise the activities of Defendant Jarreau Investments, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

24. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 23.

25. Since October 2013, BMI has reached out to Defendants over fifty (50) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

26. Plaintiffs allege five (5) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

27. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

28. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

29. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

30. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

31. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

32. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to

17 U.S.C. Section 505; and

 (IV) Plaintiffs have such other and further relief as is just and equitable.

 Dated: May 5, 2016

        Respectfully submitted,

      By: *Mark A. Balkin*_____
        Mark A. Balkin (LA Bar # 24952)
        Joseph C. Chautin, III (LA Bar # 24995)
        Hardy, Carey, Chautin & Balkin, LLP
        1080 West Causeway Approach
        Mandeville, LA 70471
        Tel: (985) 629-0777
        Fax: (985) 629-0778

        *Attorneys for Plaintiffs*

4830-6677-9185, v. 1

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Folsom Prison a/k/a Folsom Prison Blues |
| Line 3 | Writer(s) | John R. Cash a/k/a Johnny Cash |
| Line 4 | Publisher Plaintiff(s) | House of Cash, Inc. |
| Line 5 | Date(s) of Registration | 2/13/84    1/13/83    9/14/56    11/30/55 |
| Line 6 | Registration No(s). | RE 196-295    RE 153-380    Ep 102326    EU 418371 |
| Line 7 | Date(s) of Infringement | 10/22/15 |
| Line 8 | Place of Infringement | Laguna Beach Daiquiris |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | I Want You To Want Me |
| Line 3 | Writer(s) | Rick Nielsen |
| Line 4 | Publisher Plaintiff(s) | Ken Adamany, Rick Nielsen, Brad Carlson, Robin Zander and Tom Peterson, a partnership d/b/a Adult Music; Screen Gems-EMI Music, Inc. |
| Line 5 | Date(s) of Registration | 7/7/77    4/20/79 |
| Line 6 | Registration No(s). | Eu 809938   PA 42-276 |
| Line 7 | Date(s) of Infringement | 10/22/15 |
| Line 8 | Place of Infringement | Laguna Beach Daiquiris |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Mama He's Crazy AKA Mama She's Lazy |
| Line 3 | Writer(s) | Kenneth Guy Gist, Jr. a/k/a Kenny O'Dell |
| Line 4 | Publisher Plaintiff(s) | Kenneth Gist a/k/a Kenny O'Dell d/b/a Kenny O'Dell Music |
| Line 5 | Date(s) of Registration | 2/24/84    11/13/84 |
| Line 6 | Registration No(s). | PA 202-106   PA 236-641 |
| Line 7 | Date(s) of Infringement | 10/23/15 |
| Line 8 | Place of Infringement | Laguna Beach Daiquiris |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | When I'm Gone |
| Line 3 | Writer(s) | Bradley Kirk Arnold; Matthew Darrick Roberts; Robert Todd Harrell; Christopher Lee Henderson |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson, a partnership d/b/a Escatawpa Songs |
| Line 5 | Date(s) of Registration | 12/04/02           3/16/01 |
| Line 6 | Registration No(s). | PA 1-120-566     Pau 2-577-919 |
| Line 7 | Date(s) of Infringement | 10/22/15 |
| Line 8 | Place of Infringement | Laguna Beach Daiquiris |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | In Color |
| Line 3 | Writer(s) | Jamey Johnson; Lee Thomas Miller a/k/a Lee Thomas; James Otto |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc.; Warner-Tamerlane Publishing Corp.; Cory J. Gierman d/b/a Lucky Thumb Music; Lee Thomas Miller d/b/a Noah's Little Boat Music; Sea Gayle Music LLC d/b/a New Songs Of Sea Gayle; James Allen Otto d/b/a Elderotto Music Publishing; Jamey Van Johnson d/b/a Big Gassed Hitties; Spirit Music Group Inc. d/b/a Spirit Of Nashville One |
| Line 5 | Date(s) of Registration | 10/16/08    3/11/09 |
| Line 6 | Registration No(s). | PA 1-640-759    PA 1-639-958 |
| Line 7 | Date(s) of Infringement | 10/23/15 |
| Line 8 | Place of Infringement | Laguna Beach Daiquiris |