UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BROADCAST MUSIC, INC., ET AL.　　　　　　CIVIL ACTION

VERSES

LAGUANA BEACH DAIQUIRIS,　　　　　　　NO.: 16-00306-BAJ-EWD
LLC, ET AL.

## RULING AND ORDER

Before the Court is the **Motion for Default Judgment (Doc. 23)** filed by Plaintiffs. Defendant did not file an opposition to the motion, and oral argument is not necessary. For the reasons that follow, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

This action concerns alleged violations of the United States Copyright Act of 1976, 17 U.S.C. § 501. (Doc. 9 at ¶ 1) Plaintiffs in this case are Broadcast Music, Inc. ("BMI"), a company that has been granted the right to license the public performance rights of over 10 million copyrighted musical compositions, and the owners of the copyrights to the musical compositions that are at issue in this lawsuit. (*Id.* at ¶¶ 3–18). Defendants are Jarreau Investments, LLC, which operates Laguna Beach Daiquiris, LLC in Denham Springs, Louisiana, and Tony Jarreau, a member of Jarreau investments, who is responsible for the operation and management of Jarraeau Investments, LLC and Laguna Beach Daiquiris. (*Id.* at ¶¶ 19–23).

Plaintiffs bring five claims of copyright infringement based on Defendants' alleged unauthorized public performance of music in BMI's catalogue. (*Id.* at ¶ 26).

Plaintiffs aver that they have contacted Defendants more than fifty times since October 2013, to inform Defendants of the need to purchase a license for the performance of musical compositions in BMI's catalogue. (*Id.* at ¶ 25). Plaintiffs contacted Defendants by phone, mail, and email, and sent multiple cease and desist notices. (*Id.*). Plaintiffs assert that they are suffering harm from the continuing refusal of Defendants to refrain from unauthorized public performances of their copyrighted works. (*Id.* at 32).

Plaintiffs filed suit seeking injunctive relief, statutory damages, and attorneys' fees under the Copyright Act. (Doc. 1 at pp. 6–7). On August 19, 2016, Plaintiffs filed the Amended Complaint. (Doc. 9). Defendants Laguna Beach Daiquiris, LLC and Tony Jarreau were served with a copy of the Summons and Amended Complaint on August 30, 2016, pursuant to Federal Rule of Civil Procedure 4(c). (Doc. 12). Defendants were required to file and serve their Answer on Plaintiffs twenty-one days after receipt of the Amended Complaint, which in this case would have been on September 19, 2016. *See* Fed. R. Civ. P. 12(a)(1)(A). On October 18, 2016, the Clerk of Court filed an entry of default into the record. (Doc. 16). To date, Defendants have filed no responsive pleadings.

## II. LEGAL STANDARD

The service of a summons triggers a duty to respond to a complaint and a failure to respond may result in the entry of default or default judgment under Federal Rule of Civil Procedure 55. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937–39 (5th Cir. 1999). When a party establishes by affidavit or some other method that

2

there has been a default, the Clerk of Court will enter the default. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Once there has been an entry of default, the plaintiff may apply to the Court for a default judgment. *Id.*

Default judgments are usually disfavored under the Federal Rules of Civil Procedure. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A default judgment is considered to be a drastic remedy that should only be available "when the adversary process has been halted because of an essentially unresponsive party." *Id.* (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Therefore, a party is not entitled to a default judgment, even where the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

In determining whether a default judgment should be entered, the Fifth Circuit has developed a two-part test. *Taylor v. City of Baton Rouge*, 39 F. Supp. 3d 807, 813 (M.D. La. 2014). First, the Court must determine whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this determination include: (1) whether there are material issues of fact at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.* Second,

the Court must assess the merits of Plaintiff's claims and find a viable claim for relief. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975).

## III. DISCUSSION

### A. Appropriateness of Default Judgment

The Court finds that default judgment is appropriate under the circumstances of this case and that Plaintiffs state a viable claim for relief. Default Judgment is appropriate because Defendants failed to file a proper and timely answer and have failed to produce evidence to show that its failure to file an answer resulted from "good faith mistake or excusable neglect." *See Lindsey*, 161 F. 3d at 893. Additionally, Defendants' failure to file an opposition to the motion or otherwise defend the instant suit for more than seven months mitigates the harshness of a default judgment. Lastly, the Court is not aware of any facts that would constitute "good cause" to set aside default judgment if Defendant filed a motion requesting such.

### B. Viable Claim for Relief

Plaintiffs' Amended Complaint sets forth allegations that state a viable claim for relief. Plaintiffs allege that, despite repeated warnings, Defendants continued to play copyrighted works at their establishment without obtaining a license. (Doc. 9 at ¶¶ 25–26). Plaintiffs bring five claims of copyright infringement based on public performances of music from BMI's catalogue. (*Id.* at ¶¶ 26). A schedule is attached and incorporated into the Amended Complaint that lists the musical compositions, the artists, the publishers, the Copyright registrations and numbers, the dates of infringement, and the place of infringement. (*Id.* at pp. 8–10; *id.* at ¶ 27).

4

## C. Remedies

### 1. *Injunctive Relief*

The allegations in the Amended Complaint as supplemented by the affidavit and exhibits of Brian Mullaney, Vice President of BMI, (*see* Doc. 9; Doc. 23-3) establish that Defendants infringed on Plaintiffs' copyrights despite knowledge of those copyrights and have continued to stage public performances of copyrighted works without authorization. Accordingly, Plaintiffs shall be granted a permanent injunction against unauthorized public performances of any copyrighted compositions licensed through BMI.

### 2. *Statutory Damages*

The Copyright Act provides owners of a copyright with the option of recovering (1) "actual damages and any additional profits of the infringer" or (2) statutory damages of between $750 and $30,000 per infringed work. 17 U.S.C. §§ 504(a), 504(c)(1). If the infringement is willful, the Court may increase the statutory damages up to $150,000 per infringement. *Id.* at § 504(c)(2). A defendant acts willfully when he "knows his actions constitute an infringement," even if his action was not malicious. *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988).

Plaintiffs have elected to receive statutory damages, and have requested a total award of $20,000, or $4,000 per infringement. (Doc. 23-1 at p. 3). Plaintiffs argue this amount is just, as it represents slightly less than three times the amount

Plaintiffs would have received from Defendants had they paid for the proper license, $7,900. (*Id.* (citing Doc. 23-3 at ¶ 16)).

As an initial matter, the Court finds that Defendants' continued refusal to comply with the Copyright Act, despite receiving over fifty warnings, constitutes willful infringement. Having carefully reviewed the record, the Court finds that an award of $20,000 is just and reasonable under the circumstances of this case. The Court is guided by the broad principles underlying the Copyright Act: compensation of the copyright holder and deterrence of potential infringers. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232–33 (1952). The Court has also surveyed the damages imposed by other Courts, and finds this award is typical for such conduct. *See Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, 11 F. Supp. 3d 689, 698 (N.D. Tex. 2014). ("[W]hen calculating statutory damages against establishments that publicly perform musical compositions without first obtaining a license, courts frequently reach an award that is three to five times the licensing fee owed by the defendant . . . . The intent behind such awards is to show defendants that it is more costly to infringe than to obey copyright laws." (quoting *WB Music Corp. v. Big Daddy's Entm't, Inc.*, No. EP-5-CA-267, 2005 WL 2662553, at *4 (W.D. Tex. Oct. 18, 2005))). In light of the maximum possible damages and the statutory damages imposed by other courts for similar conduct, the Court finds the award of $20,000 just and adequate.

### 3. Costs and Attorneys' Fees

Although awards of attorneys' fees under the Copyright Act are discretionary, *see* 17 U.S.C. § 505, "they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co., Inc. v. Bough,* 779 F.2d 255, 259 (5th Cir. 1985). The decision to award attorneys' fees is guided by factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n.19 (1994).

This case is no exception to the rule, and the Court will grant Plaintiffs reasonable attorneys' fees. Based on the affidavit of Plaintiffs' attorney, Mark A. Balkin, and his attached billing records (*see* Doc. 23-4), the Court finds that Plaintiffs are entitled to reasonable attorneys' fees in the amount of $4,950. In accordance with § 505, costs are also taxed to Defendants.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that a permanent injunction against Defendants is **GRANTED**, prohibiting Defendants and their agents, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded statutory damages totaling $20,000, or $4,000 for each act of infringement.

**IT IS FURTHER ORDERED** that Plaintiffs' costs, including reasonable attorneys' fees in the amount of fees of $4,950, are taxed to Defendants.

Baton Rouge, Louisiana, this 15th day of November, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**